Edward R. McCANN, Plaintiff-Appellee,

v.

Richard Joyce SMITH, William J. Kirk and Harry W. Dorigan, Trustees of the New York, New Haven and Hartford Railroad Company, Defendants-Appellants.

No. 187, Docket 30673.

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1966.

Decided Dec. 23, 1966.

William A. Blank, Brooklyn, N. Y., for appellee.

Joseph P. Cooney, Hartford, Conn. (R. M. Peet, New York City, J. D. McHugh,

**324**

T. J. O'Sullivan, New Haven, Conn., of counsel), for appellants.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Plaintiff was a locomotive engineer in the employ of the defendants. On the morning of August 27, 1961 he was engineer of a train from New Haven to Boston and was scheduled to return on a train leaving Boston in the late afternoon. In Boston he went to a bunkroom provided by the railroad to spend the layover time between trains. As he sat in the bunkroom he was suddenly attacked by another occupant of the bunkroom and was seriously injured. Plaintiff sued for his injuries under the Federal Employers' Liability Act and the jury returned a verdict for him in the amount of $50,-000. The principal ground on which defendants base their appeal is that there was insufficient evidence of negligence and that the trial court shoud have directed a verdict for the defendant instead of submitting the case to the jury.

 Under the Federal Employers' Liability Act

"Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury * * *" Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506–507, 77 S.Ct. 443, 448–449, 1 L.Ed.2d 493 (1957); Gallick v. Baltimore & O. R.R., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963).

 The evidence here, though slim, was sufficient to require submission of the negligence question to the jury and to insulate its verdict from reversal. The jury could find from the evidence that there was a past history of occasional invasions of the bunkroom by undesirables, that the railroad, aware of this history, should have furnished a regular guard to protect the men in the room, or that the porter had been given this function and

failed to fulfill it, and that had a guard been present he might have excluded the attacker on the ground that he was drunk or interceded to protect plaintiff when he was attacked.

 Appellant also objects to the introduction of mortality tables to aid the jury in fixing damages. In view of the substantial testimony tending to establish the permanent character of plaintiff's injuries there was no error in referring the jury to the mortality tables.

 Appellant claims that the trial court's charge was erroneous in submitting to the jury the issue of "whether defendants should have guarded plaintiffs." We perceive no error in the charge since the jury could have found from the evidence that there was such a duty on defendants.

Affirmed.